UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATTHEW TYLER,
        Plaintiff,

v.                                         Case No. 03-C-650

JOHN BETT, CAPTAIN H. DeHAAN,
MICHAEL E. BECK, JOANNE M. BOVEE,
DAN WESFIELD, JOHN RAY,
and CINDY O'DONNELL,
        Defendants.

## DECISION AND ORDER

Plaintiff Matthew Tyler, who is currently incarcerated at the Wisconsin Secure Program Facility, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff paid the full filing fee, and on July 22, 2003, he was granted leave to proceed on claims that his First, Eighth and Fourteenth Amendment rights were violated. By order of September 30, 2005, I granted the defendants' motion for summary judgment and dismissed the plaintiff's action. A Judgment to that effect was entered by the Clerk of Court on September 30, 2005. Presently before the court is plaintiff's "Motion for Reconsideration" which was filed on October 25, 2005.

There is no "motion for reconsideration" mentioned in the Federal Rules of Civil Procedure. However, where, as here, a judgment has been entered in a case, a party can seek relief from the operation of a final judgment under Rule 59(e) or Rule 60(b), Federal Rules of Civil Procedure. The key factor in determining whether a "substantive" motion is cognizable under Rule 59 or Rule 60 is its timing. <u>Britton v. Swift Transp. Co.</u>, 127 F.3d 616, 618 (7th Cir. 1997). All substantive motions filed within ten days of the entry of

judgment are treated as based on Rule 59; all substantive motions filed more than ten days after the entry of judgment are evaluated under Rule 60. Id. A "substantive" motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." Id. (internal quotation marks and citation omitted).

Since the instant motion is substantive and was filed more than ten days after the entry of judgment, I may properly regard it as a motion under Rule 60(b). Rule 60(b) enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion cannot be used as "an alternate route for correcting simple legal errors. Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" Cash v. Illinois Div. of Mental Health, 209 F.3d 695, 698 (7th Cir. 2000). An appeal, as opposed to a Rule 60(b) motion, is the proper vehicle to redress claimed legal errors, "otherwise, a party could circumvent the ordinary time limitation for filing a notice of appeal." Russell, 51 F.3d at 749.

The plaintiff argues that he is entitled to relief from the judgment in this case because my decision to grant the defendant's summary judgment motion is not supported by the record. Specifically, the plaintiff finds fault with the finding that defendant Joanne Bovee should be dismissed because the plaintiff "presented no good reason for his failure to serve Bovee." (September 30, 2005, Order at p.10.) Plaintiff argues that contrary to the court's conclusion, there were documents in the record which presented good reasons for Tyler's failure to serve Bovee.

Plaintiff also contends that I erred in concluding that he had failed to exhaust his administrative remedies with respect to his retaliation claim. I concluded that plaintiff did not satisfy the exhaustion requirement because he had "filed no ICRS complaint alleging that the defendants retaliated against him." (September 30, 2005, Order at p. 12.) Tyler admits that he did not file a separate inmate complaint alleging retaliation by the defendants. However, he argues that he was not able to do so because he would have had to allege a "chronology of events" to show retaliation and department of correction regulations require that an inmate complaint contain only one issue per complaint.

Finally, the plaintiff asserts that the defendants were not entitled to summary judgment on his Eighth Amendment inadequate sanitation claim. He argues that the court's conclusion that the claim was without merit was based on nothing more than "conclusory statements in defendants' affidavits."

The problem with the defendant's arguments is that they do nothing more than seek to reargue the law and facts already in the record and are therefore outside the scope of Rule 60(b). Moreover, none of the arguments raise issues warranting the extraordinary relief provided by Rule 60(b). Accordingly, the plaintiff's "Motion for Reconsideration" will

be denied.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Docket #56) **DENIED.**

Dated at Milwaukee, Wisconsin, this 21 day of November, 2005.

/s_____
LYNN ADELMAN
District Judge

4

Case 2:03-cv-00650-LA   Filed 11/21/05   Page 4 of 4   Document 59